UNITED STATES DISTRICT COURT        O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE DEL CARMEN MELENDEZ-CORREAS | § | |
| | § | |
| | § | |
| **Plaintiff** | § | |
| VS. | § | CIVIL ACTION NO. L-08-129 |
| | § | CRIMINAL NO. L-07-917 |
| UNITED STATES OF AMERICA | | |

<u>OPINION & ORDER</u>

Pending before the Court is Petitioner Jose Del Carmen Melendez-Correas's ("Correas") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. [Dkt. No. 1].[1] After duly considering the petition, supporting memorandum, and applicable law, the Court **DENIES** Correas's motion.

I.    BACKGROUND & PROCEDURE

On July 3, 2007, Correas was indicted of violating 8 U.S.C. § 1326(b)(2), reentry of an illegal alien after prior removal.[2] [Cr. Dkt. No. 6]. Correas later appeared at an arraignment hearing held before Magistrate Judge Adriana Arce-Flores ("Magistrate Judge"). [Digital Recording of August 9, 2007, Re-Arraignment ("R. Rec.")]. During the arraignment, the Magistrate Judge addressed Correas personally, placed him under oath, and explained the nature of charges against him. [R. Rec. at 11:47-51 a.m.]. Next, the Government stated that the maximum term of punishment for his offense was 20 years. [R. Rec. at 11:52 a.m.]. The Magistrate Judge then advised Correas that he did not have a plea agreement and that he

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings on case number L-05-cv-. "Crim. Dkt. No." refers to the docket entries in criminal case number L-07-cr-917.

[2] 8 U.S.C. § 1326(b)(2) reads as follows: "[I]n the case of any alien described in such subsection . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both[.]"

maintained his right to appeal the case. Correas replied affirmatively when asked if he understood as much. [R. Rec. at 11:54 a.m.]. The Magistrate Judge next explained that, among other rights, Correas had the right to plead not guilty and request a trial by jury. [R. Rec. at 11:55-6 a.m.]. Correas confirmed that he understood these rights. [*Id*.]. The Magistrate Judge then advised him that pleading guilty would mean no trial, no jury, and that "for all practical purposes, the case is over except the sentencing." [R. Rec. at 11:56 a.m.]. After explaining these consequences to his plea, the Magistrate Judge asked Correas if he still wished to proceed. Correas answered "yes." [*Id*.]. Thereafter, Correas pleaded guilty. [R. Rec. at 11:59 a.m.]. Having accepted Correas's plea of guilty, the Magistrate Judge ordered the completion of a presentence report. [*Id*.].

Correas's presentence report noted that he was convicted in February 1992, case number L-91-cr-271, for transporting an undocumented alien. He was sentenced to probation and then deported to El Salvador. [Presentence Investigation Report ("PSR") at p. 4]. The PSR also provided that, under U.S.S.G § 2L1.2(b)(1)(A), Correas would receive a 16 level enhancement for his prior offense.[3] *Id*. Correas thereafter filed an objection to this section of the PSR, arguing that "the offense for which he is receiving a 16 level enhancement was neither plead in the indictment, proved to a jury or admitted to by the defendant, and therefore, he should not receive a 16 level upward adjustment." [Cr. Dkt. No. 21].

On October 29, 2007, Correas appeared before this Court for sentencing. [Digital Recording of October 29, 2007, Sentencing ("S. Rec.")]. During the sentencing proceedings, and after being placed under oath, Correas was asked whether he understood that he faced a possible term of imprisonment of up to 20 years. [S. Rec. at 9:20 a.m.]. Correas replied "yes."

---

[3] U.S.S.G. § 2L1.2(b)(1)(A) reads as follows: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . an alien smuggling offense, increase by 16 levels[.]"

[*Id*.].  Next, Correas was asked if he reviewed the PSR with his attorney and whether he understood that based on the report, and under the sentencing guidelines, he faced a possible term of imprisonment from 37 to 46 months.  [*Id*.].  Correas replied "yes."  [*Id*.].  Correas's attorney then orally presented the objection to the PSR to the Court, arguing that the prior offense for alien transporting should not be considered for sentencing because it occurred 16 years ago and the circumstances did not show that Correas was an alien smuggler.  [S. Rec. at 9:22 a.m.]  In response, the Court noted that it understood all the arguments about Correas's prior conviction and overruled the objection.  [S. Rec. at 9:30 a.m.].  Thereafter, the Court stated that it would sentence Correas within the guideline range, from 37 to 46 months.  Correas was then sentenced at the low end of the guideline range to 37 months in custody.

After sentencing, Correas filed a Notice of Appeal to the Fifth Circuit Court of Appeal. [Cr. Dkt. No. 27].  One day after filing this notice, however, Correas filed a Motion to Withdraw Notice of Appeal.  [Cr. Dkt. No. 38].  Correas filed the pending motion on September 25, 2008. [Dkt. No. 1].

## II.   DISCUSSION

Under Title 28, United States Code, Section 2255 ("§ 2255") a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id*.

Correas's motion is properly before this Court.  First, Correas's motion is timely, as it comes within one year of the date on which the judgment of conviction became final.[4]  Next, Correas is a federal prisoner currently incarcerated in a federal institution in Pine Prairie, Louisiana, and he has moved this Court—the Court that imposed his sentence—to set aside, vacate, or correct his sentence.  According to Correas, he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Correas's guilty plea was not made knowingly and voluntarily because defense counsel never explained the consequences of his plea;

2. The Court improperly enhanced his sentence due to his prior conviction for transport of an alien because: (1) the prior conviction was not pled in the indictment, proved to a jury, or admitted by Correas; (2) the prior conviction was not an aggravated felony; and, (3) the acts committed by Correas did not constitute an alien smuggling or transporting offense;

3. The Court sentenced him under a mandatory guidelines scheme and, in doing so, committed "*Booker* error," or, alternatively, "*Fanfan* error."

4. Correas was denied effective assistance by his defense counsel, Paul Saenz ("Saenz"), at sentencing in that: (1) Saenz advised Correas that his prior sentence could not be used to enhance his sentence; (2) Saenz failed to provide him with a plea agreement; (3) Saenz failed to object to the Court's consideration of Correas's prior conviction at sentencing; (4) Saenz advised Correas to withdraw his notice of appeal;

5. Correas received a cruel and unusual punishment in violation of the Eighth Amendment.

---

[4] Judgment became final on November 2, 2007, when this Court granted Correas's Motion to Withdraw Notice of Appeal.  [Cr. Dkt. No. 30].

The Court construes Correas's § 2255 motion liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  In determining whether Correas is entitled to a hearing, the Court will first address the allegations set forth above in turn.

**A.     Correas's Guilty Plea**

Correas alleges that Saenz never explained the consequences of his guilty plea and that Correas thus entered his guilty plea unknowingly and involuntarily.  [Dkt. No. 1 at p. 2].  It is well established that, in order for a plea to be knowing and voluntary, a "defendant must be advised of and understand the consequences of the [guilty] plea."  *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir.1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.), *cert. denied*, 493 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991)).  Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards to assure that a guilty plea is entered voluntarily and knowingly.  This rule requires the Court to address the defendant personally in open court to determine that the defendant understands the nature of the offense, as well as his rights as a criminal defendant.  *United States v. Vonn*, 535 U.S. 55, 62, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).  "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them."  *Id*. at 78 (Stevens, J., concurring).  "Compliance with the admonishments required under Fed.R.Crim.P. 11 provides 'prophylactic protection for the constitutional rights involved in the entry of a guilty plea.'"  *United States v. Garcia* 2007 WL 900954, 3 (N.D. Tex.) (citation omitted).  Furthermore, the Fifth Circuit has identified three core concerns in a plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea.  *United States v. Garcia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Here, the record shows that the Magistrate Judge gave the appropriate Rule 11 admonishments, that Correas acknowledged that he understood the entire proceeding, and that Correas then entered a plea of guilty.  On August 9, 2007, Correas and Saenz appeared before the Magistrate Judge for the re-arraignment hearing.  [R. Rec. at 11:44 a.m.].  Correas was placed under oath, [R. Rec. at 11:47 a.m.], and the Magistrate Judge addressed him personally in open court.[5]  Next, the Magistrate Judge asked Correas if he was under the influence of drugs or alcohol or whether he had ever been admitted to a mental institution. Correas answered "no." [R. Rec. at 11:50 a.m.].  The Magistrate Judge then advised Correas of the charges against him and Correas confirmed that he understood the charges.  [R. Rec. 11:51 a.m.].

Importantly, the Magistrate Judge then asked the Government to state the offense's maximum punishment. The Government specifically stated that "the maximum term of imprisonment is 20 years, a fine of $250,000 dollars, supervised release for three years, and a $100 special assessment."  [R. Rec. at 11:52 a.m.].  The Magistrate Judge then advised Correas that "[w]hat you have heard from the government is the maximum possible penalty in your case."  [*Id.*].

Prior to accepting his guilty plea, the Magistrate Judge advised Correas about his trial rights.  The Magistrate Judge explained as follows:  "Right now each of you is presumed to be innocent, you have the right to go forward with a plea of not guilty, and request a trial by jury." [R. Rec. at 11:55 a.m.].  When asked whether he understood these rights, Correas answered "yes."  [R. Rec. at 11:56 a.m.].  The Magistrate Judge then informed Correas in further detail about his rights: "When you plead guilty . . . there's no trial, there's no jury and for all practical purposes, the case is over, except the sentencing before the District Court."  [*Id.*].  When asked if he still wished to proceed with his plea of guilty, Correas answered "yes."  [*Id.*].

---

[5] During the arraignment, the Magistrate Judge addressed Correas and other defendants simultaneously.

After the Government read the factual basis of the case and the Magistrate Judge confirmed that no corrections were necessary, [R. Rec. at 11:57 a.m.], the Magistrate Judge asked Correas whether he pleaded guilty or not guilty.  Correas answered "guilty."  [R. Rec. at 11:58 a.m.].  The Magistrate Judge then asked Correas "have you understood what I have explained to you today?" [R. Rec. at 11:59 a.m.].  Correas answered "yes." [*Id.*].

As shown above, Correas answered the Rule 11 colloquy, under oath and in open court, and each answer carries a strong presumption of verity.  *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *United States v. Lampaziani*, 251 F.3d 519, 524 (5th Cir. 2001).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).  Correas's sworn statements and his exchange with the Magistrate Judge thus preclude the relief he seeks here.  Nothing in Correas's testimony suggests his plea was not knowing or involuntary, as he now alleges.  Accordingly, Correas's claim fails.

### B.      Correas's Prior Conviction

Next, Correas argues that the application of a 16 level enhancement for his prior conviction for transportation of an alien is unconstitutional.  [Dkt. No. 1 at p. 3].  According to Correas, he should not have received an enhancement for the offense because it was not pled in the indictment, proved to a jury, or admitted by him.  [*Id.*].  Correas's claim is misguided.

The Fifth Circuit has explained:

In Booker, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 ... (2000), and *Blakely* ...: pursuant to the Sixth Amendment, any fact, *other than the fact of a prior conviction*, 'which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt.'

*In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam) (quoting *Booker*, 543 U.S. at 244, 125 S.Ct. 738) (emphasis added).

In this case, Correas's sentence was increased due to his prior conviction for alien transporting.  *See* PSR ¶ 12.  In his current petition, Correas concedes his sentence was enhanced due to his prior conviction: "[W]ithout the 16 level enhancement his maximum statutory prison sentence will be two years."  [Dkt. No. 1 at p. 4].  Even without the concession, Correas's claim depends on his argument that a prior conviction was used to increase his sentence in violation of the Constitution because that conviction was not proven to a jury beyond a reasonable doubt.  But, by its plain terms, the rule in *Apprendi*, as applied in *Booker/Blakely*, excludes prior convictions from the type of fact required to be proven to a jury beyond a reasonable doubt.  *See In re Elwood*, 408 F.3d at 212.

Next, Correas also seems to believe that the federal government "reclassified" his prior conviction as an "aggravated felony" in order to justify the 16 level enhancement.  [Dkt. No. 1 at p. 4].  Correas is mistaken; his enhancement, as already stated, was based on his prior conviction for the transporting of an undocumented alien, which compels a sixteen point offense level enhancement under  U.S.S.G. § 2L1.2(b)(1)(A) regardless of whether that offense is considered an "aggravated felony."

Finally, Correas argues that his prior conviction was not an alien smuggling offense because he was not aware of the legal status of persons he was transporting.  [Dkt. No. 1 at p. 5].  On April 3, 1992, Correas was sentenced to three years of probation for transporting an undocumented alien within the United States.  PSR ¶ 12.  Correas presents no case law addressing a petitioner's ability to challenge attack a 16-year-old conviction through a § 2255 petition.  *See* 28 U.S.C. § 2255 (imposing one-year limitations period); *see also Daniels v.*

*United States*, 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) ("If . . . prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . then that defendant is without recourse . . . [meaning] the defendant may not collaterally attack his prior conviction through a motion under § 2255.")  Thus, Correas's argument that his prior conviction was not an alien smuggling offense is utterly without merit.

### C.    Ineffective Assistance of Counsel

Correas next alleges that he did not receive "effective assistance from his counsel."  [Dkt. No. 1 at p. 4].  The Sixth Amendment to the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In order to obtain post-conviction relief due to ineffective assistance of counsel, a defendant must show (1) that counsel's representations fell below an objective standard of reasonable service and (2) that this deficient performance prejudiced the defense such that the outcome of the trial or criminal proceeding would have been different.  *Id.* at 687-91, 694.  A court must, of course, indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action was sound trial strategy.  *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Ricalday v. Procunier*, 736 F.2d 203, 206 (5th Cir. 1984).

In this case, Correas makes various allegations regarding Saenz's ineffectiveness.  To determine whether Correas has met his burden of showing that Saenz's performance fell below an objective standard of reasonable service, thus potentially causing prejudice to Correas, the Court begins its discussion with the first allegation.

**1.   Defense Counsel's Alleged Advice Related to the Sentencing Enhancement**

Correas claims he suffered ineffective assistance because Saenz advised him "that the government can not, (sic) used or enhanced (sic) his sentencesed (sic) by using his 10 years (sic) old conviction."  [Dkt. No. 1 at p. 2].   Assuming for the moment that Saenz did give this advice, Correas cannot show prejudice.   As noted above, Correas was advised that he faced a potential 20-year maximum sentence.   [R. Rec. at 11:52 a.m.].   Despite what Saenz may have allegedly told him prior to his plea, Correas was advised during the plea colloquy that the maximum sentence for the charged offense was 20 years.   Therefore, because Correas pled guilty with the understanding that he could receive a sentence of 20 years, he cannot show that he suffered prejudice as a result of being advised otherwise.   That Correas "neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel."   *United States v. Bjorkman*, 270 F.3d 482, 503 (7th), *cert. denied*, 535 U.S. 1095, 122 S.Ct. 2290, 152 L.Ed.2d 1049 (2002).

**2.   Defense Counsel's Alleged Failure to Provide a Favorable Plea Agreement**

Correas next argues that Saenz "failed to provide him [with] a favorable plea agreement." [Dkt. No. 1 at p. 4].   As noted in the PSR, Correas pleaded guilty without a plea agreement.   [Cr. Dkt. No. 22 ¶ 3].   As a preliminary matter, Correas has failed to provide any case law showing that a defendant in a criminal case has a right to require the prosecutor to plea bargain. Furthermore, Correas has failed to show that the Government would have entered into plea negotiations.   Even if plea negotiations did occur, Correas has failed to show that a plea agreement resulted.   For these reasons, Correas's claim on this issue is utterly without merit.

Moreover, Correas cannot show prejudice because he pleaded guilty after the Magistrate Judge advised him that he did not have a plea agreement.  During the arraignment, the Magistrate Judge advised Correas that he was pleading without a plea agreement.  [R. Rec. at 11:54 a.m.].  Despite this admonition, Correas subsequently stated that he wished to enter a plea of guilty and proceeded to do so.  In sum, after learning that he would not have a plea bargain in this case, Correas knowingly and willingly entered a guilty plea.   He cannot show that counsel's shortcoming caused prejudice to him—that but for such error, the proceeding's result would have been different.  *See Strictland*, 466 U.S. at 694.

### 3. Defense Counsel's Alleged Failure to Object to Consideration of Correas's Prior Conviction

Correas next argues that Saenz failed to raise an objection to the court's consideration of his prior conviction.  Contrary to Correas's assertion, a review of the record shows otherwise.  On October 18, 2007, Saenz filed an objection to the PSR and raised the same *Apprendi* argument now presented by Correas.  [Cr. Dkt. No. 21].  Specifically, Saenz argued that the enhancement for Correas's alien smuggling conviction was unconstitutional because "the offense for which he is receiving a 16 level enhancement was neither plead in the indictment, proved to a jury or admitted to by the defendant."  [*Id*.].  At sentencing before this Court on October 29, 2007, defense counsel clearly restated the objection.  [S. Rec. at 9:22 a.m.].  More specifically, Saenz stated "we had filed an objection to the enhancement under Apprendi."  [*Id*.].  The Court acknowledged and overruled the objection.  Despite this ruling, Saenz reiterated the arguments found in the filed objection for the Court's consideration:  "It's apparent that the offense is a conviction from 1992.  He had merely given a ride, he's not an alien smuggler . . . The point I'm trying to get across is he is not an alien smuggler . . . We ask the Court to take that into consideration."  [*Id*.].  In response, the Court stated that it understood "all the arguments about

the prior conviction, but it is not a conviction the court feels should be disregarded." [S. Rec. at 9:30 a.m.]. Therefore, contrary to Correas's argument, Saenz objected to the court's consideration of his prior conviction. The Court considered the objection and overruled it. Saenz's actions did not result in prejudice to Correas.

### 4. Defense Counsel's Representation on Appeal

Correas also faults Saenz for not preserving an appeal. [Dkt. No. 1 at p. 6]. An attorney's failure to file a notice of appeal requested by a defendant is *per se* ineffective assistance of counsel—if such omission in fact denies the defendant his right to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Regarding the first *Strickland* prong, if the attorney knows that the defendant wishes to appeal, he must perform the ministerial task of filing the notice of appeal or his performance will be deemed to be objectively unreasonable. *Id*. In broader terms, any act which constructively denies the defendant his right to appeal altogether will be deemed unreasonable. *Id*. at 483.

Here, at both his arraignment and sentencing, Correas was advised that he had the right to appeal. Correas filed a Notice of Appeal on October 29, 2007. [Cr. Dkt. No. 27]. The next day, however, Correas filed a Motion to Withdraw Notice of Appeal. [Cr. Dkt. No. 28]. In an attached affidavit, Correas stated the following:

> "I understand that I have a right to Appeal the conviction and sentence in this case and have the assistance of appointed counsel on the appeal . . . I have discuss (sic) and understand my rights regarding the appeal of this case with my appointed counsel and wish to withdraw my notice of appeal. My decision to withdraw the Notice of Appeal filed in this case is made freely and voluntarily after having consulted with my appointed counsel. I understand that by withdrawing my Notice of Appeal all matters in this case shall terminate and that there will be NO Appeal of my conviction or sentence."[6]

---

[6] On November 1, 2007, Saenz filed an addendum to Correas's Motion to Withdraw Notice of Appeal. [Dkt. No. 29]. The addendum indicates that on October 30, 2007, Correas's right to appeal and ultimate decision to withdraw his notice of appeal was discussed in the Spanish language. [*Id*.]. The addendum also indicates that the affidavit submitted by Correas was explained to him in the Spanish language. [*Id*.].

On November 2, 2007, the Sentencing Court granted Correas's Motion to Withdraw Notice of Appeal. [Cr. Dkt. No. 30]. Saenz therefore cannot be faulted for filing the Motion to Withdraw Notice of Appeal since Correas expressly conveyed he was not pursuing an appeal. Any allegations related to appeal are foreclosed by Correas's motion to withdraw notice of appeal and the concessions provided in Correas's affidavit. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) ("Following a conviction and exhaustion or waiver of the right to direct appeal, [Fifth Circuit] presumes a defendant stands fairly and finally convicted.") (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.) (en banc), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992)). Accordingly, Correas's claim that he received ineffective assistance of counsel because of Saenz's failure to preserve appeal is without merit.

### D.     Alleged "*Booker* Error" and "*Fanfan* Error" at Sentencing

Next, Correas argues that the Court committed "a statutory Booker error" by sentencing him under a mandatory guidelines scheme. [Dkt. No. 1 at p. 5]. Alternatively, he argues that the Court committed "Fanfan error" by sentencing him pursuant to a mandatory guidelines scheme. [*Id.*].

In *Booker*, the Supreme Court stripped the Federal Sentencing Guidelines of their mandatory status, rendering them advisory instead. *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). "*Booker* error" occurs "where the district court applied the mandatory Guidelines and enhanced a defendant's sentence on the basis of facts neither admitted by him nor found by a jury beyond a reasonable doubt, in violation of the Sixth Amendment right to a jury trial." *United States v. Mares* 402 F.3d 511, 518 (5th Cir.) (citing *Booker*, 543 U.S. at 244), *cert. denied*, 546 U.S. 828, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). On the other hand, "*Fanfan* error" occurs "where the district court applied the mandatory Guidelines

to enhance a defendant's sentence absent any Sixth Amendment "*Booker* error." *United States v. Walters*, 418 F.3d 461, 463 (5th Cir. 2005) (citing *United States v. Martinez-Lugo*, 411 F.3d 597, 600-01 (5th Cir.), *cert. denied*, 546 U.S. 953, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005)).

Since he was sentenced after the Supreme Court handed down its opinion in *Booker*, Correas is correct in asserting that he was entitled to be sentenced under the advisory regime.  As such, Correas seems to assume that the sentencing court erroneously treated the Guidelines as mandatory.  However, there is no evidence in the record suggesting the Court was not cognizant of *Booker*.  Indeed, case law, and common sense, seem to call for a presumption to the contrary.  *United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006) ("[The appellant was] sentenced after the Supreme Court decided *Booker* and therefore sentenced under a discretionary regime.")  Thus, post-*Booker*, absent evidence that the Court erroneously considered itself bound by the Guidelines, an appellate court will not disturb the respective sentence unless it is "unreasonable."  *Id.* at 553-55.  "[A] sentence within a properly calculated Guideline range is presumptively reasonable."  *Id.* at 554.  Correas does not claim that the Court miscalculated his sentence under the advisory Guidelines.  Correas was sentenced under the post-*Booker* advisory Guidelines system and the record indicates that the district judge was aware of the Guidelines' advisory nature.  As there is no indication that the Court applied the Sentencing Guidelines in a mandatory fashion, Correas cannot show that "*Booker* error" or "*Fanfan* error" occurred during his sentencing.

### E.    Alleged Eighth Amendment Violation

Finally, Correas argues that "he received a cruel and unusual punishment, which violated his constitutional rights."  [Dkt. No. 1 at 7].  As a preliminary matter, Correas's argument is insufficient to raise an issue because he has provided no supporting facts.  *See United States v.*

*Pineda*, 988 F.2d 22, 32 (5th Cir. 1993) (per curiam) (holding that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).  Even if Correas presented factual support for this Eighth Amendment claim, however, Fifth Circuit precedent forecloses his arguments.

The standards for finding punishment in violation of the Eighth Amendment include "(1) whether the conditions of confinement shock the Court's conscience; (2) whether the sentence imposed is grossly disproportionate to the offense; or (3) whether the sentence imposed offends evolving notions of decency."  *Cerrella v. Hanberry*, 650 F.2d 606, 607-608 (5th Cir.) (per curiam) (citing *Newman v. Alabama*, 503 F.2d 1320, 1330 n.14 (5th Cir. 1974)), *cert. denied*, 454 U.S. 1034 (1981).  The Fifth Circuit has long held, however, that a sentence within the statutory limits is not cruel and unusual punishment.  *United States v. McKinney*, 53 F.3d 664, 678 (5th Cir.) (finding no violation of the Eight Amendment prohibition against cruel and unusual punishment where defendants were sentenced within the applicable guidelines range) *cert. denied*, 516 U.S. 901 (1995); *Cerrella*, 650 F.2d at 607-8 (finding that the defendant's sixteen-year sentence was not grossly disproportionate to the offense committed where the maximum permissible sentence was twenty years); *Castle v. United States*, 399 F.2d 642, 652 (5th Cir. 1968) (citing *Hedrick v. United States*, 357 F.2d 121 (10th Cir. 1966)).  Here, the record shows that the Court reviewed the PSR and considered all of the relevant factors.  Correas was sentenced under 8 U.S.C. § 1326, which provides for a maximum sentence of 20 years.  The applicable guidelines range was from 37 to 46 months.  Correas was sentenced to 37 months in custody, a sentence at the low end of the sentencing guidelines range.  Because Correas was sentenced within the statutory limits, he has failed to show that his sentence shocks the

conscience.   Therefore, Correas has also failed to show that his rights under the Eighth Amendment were violated.

**III.    CONCLUSION**

For the reasons stated above, Correas's motion pursuant to § 2255 is **DISMISSED with prejudice** on the merits.  Any future request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

SIGNED this 22nd day of January 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**To Insure Proper Notice, Each Party Who Receives This Order Shall Forward a Copy of it to Every Other Party And Affected Non-party Even Though They May Have Been Sent One by The Court.**